UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

KAREN M. ACEVEDO,                                              Index No.:  05CV4455

                                    Plaintiff,                 **COMPLAINT**

                    - against -                                Judge Assigned: Judge Pauley

NEW YORK CITY HEALTH & HOSPITALS
CORPORATION, NORTH BRONX HEALTHCARE
NETWORK, and JACOBI MEDICAL CENTER,

                                    Defendants.
------------------------------------------------------------------------X

        Plaintiff, by her attorney, VINCENT R. FONTANA, alleges for her complaint against

defendants as follows:


## NATURE OF ACTION

        1.      This is an action to remedy discrimination on the basis of sex, race and national

origin in the terms, conditions and privileges of employment under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. §2000-e, et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C.

§1981(a); the New York State Human Rights Law, New York Executive Law §290 et seq.; and

the New York City Administrative Code, §8-101 et seq.


        2.      Plaintiff seeks declaratory relief, compensatory, punitive and liquidated damages,

and other appropriate legal and equitable relief pursuant to 42 U.S.C. §2000e-5(f).


## JURISDICTION AND VENUE

        3.      All discriminatory employment practices alleged herein were committed within

the United States District Court, for the Southern District of New York.

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(3).  Plaintiff's New York State and New York City claim is interposed pursuant to the Court's pendent jurisdiction.

5.      Venue is proper pursuant to U.S.C. §1391(b)(2) in that the events giving rise to the claim occurred in this District.

6.      Plaintiff has satisfied all conditions precedent to instituting this lawsuit by filing a complaint with the Equal Employment Opportunity Commission and receiving a right-to-sue letter (see Exhibit "A").  This action was commenced within ninety days of receipt of the EEOC's notification of right to sue.

## PARTIES

7.      Plaintiff, Karen M. Acevedo, is a Hispanic woman and a citizen of the United States and the State of New York and resides at 5 Patricia Lane, Unit 108, Bronx, New York 10465.  She was employed by the defendant from March 18, 1996 to March 2, 2004, when she was wrongfully terminated by the defendants.

8.      Upon information and belief, the New York City Health & Hospitals Corporation (hereinafter "HHC") is a not-for-profit medical corporation and an employer as defined in Title VII, the New York State Executive Law and the Administrative Code of the City of New York.

9.     Upon information and belief, Jacobi Medical Center (hereinafter "Jacobi") is an employer as defined in Title VII, the New York State Executive Law and the Administrative Code for the City of New York.

10.     Upon information and belief, North Bronx Healthcare Network (hereinafter "NBHCN") is an employer as defined in Title VII, the New York State Executive Law and the Administrative Code of the City of New York.

11.     Upon information and belief, defendants are engaged in an industry affecting commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e(h).

## **FACTS**

12.     Commencing on or about March 18, 1996, plaintiff was employed as an Office Aide in the Human Resources Department at Jacobi Medical Center.

13.     During the next five years plaintiff received outstanding and superior evaluations and three promotions.

14.     On or about June 1, 2001, plaintiff was transferred to the Department of Internal Medicine as an Executive Secretary.

15.     Prior to being transferred to the Department of Internal Medicine, plaintiff was interviewed by Susan Foley (Administrator), Dr. Steven Martin (Residency Program Director) and Dr. Charles Nordin (Chairman of Medicine).

16.     For the period June 1, 2001 to December 31, 2001, plaintiff's evaluations were

3

superior or outstanding in all respects.

17.     For the period January 1, 2002, to the date of her termination, plaintiff did not receive a written evaluation in violation of HHC policy.

18.     From June 2001 to her termination, plaintiff was discriminated against because of her race, color and national origin.

19.     On March 2, 2004, plaintiff was wrongfully terminated.

20.     At the time of her termination, plaintiff was wrongfully accused of falsifying her time records from August 2003 to January 4, 2004.  At no time did plaintiff falsify her time records.  Upon information and belief, plaintiff's supervisor, Susan Foley (who is white), altered her time records.

21.     Upon information and belief, during the period of her employment in the Department of Internal Medicine, Ms. Foley consistently arrived late, took long lunch hours and left early.  However, these absences were not reflected in her time records.  In addition, Ms. Foley would bring her children to work on a daily basis and they would abuse their use of the Internet.

22.     Upon information and belief, Ms. Foley would frequently be in the company of Diane Obara (who is white) on these long lunch hours referenced above.  Also, Ms. Obara

would frequently leave early with Ms. Foley.  However, upon information and belief, Ms. Obara's time records would not reflect these absences.

23.     No adverse action was ever taken against Ms. Foley or Ms. Obara for falsifying their time records.

24.     Throughout plaintiff's employment in the Department of Internal Medicine, Susan Foley created a hostile work environment that was clearly anti-minority by frequently making derogatory comments of a racial and ethnic nature.

25.     For example, in November 2003, plaintiff was diagnosed with conjunctivitis and a viral infection and was out of work (with proper documentation) for ten days.  Ms. Foley, in front of other employees, ridiculed plaintiff's medical condition.   Ms. Foley did not treat white employees in a similar manner.

26.     On several occasions, Ms. Foley ridiculed plaintiff's speech by saying "Isn't that how all you people (meaning minorities) talk?".

27.     Upon information and belief, plaintiff's termination was also in retaliation for orally complaining about the treatment she received from Susan Foley.  Plaintiff complained to Dr. Biren Singh (Chief Resident) about the treatment she was subjected to by Ms. Foley. Plaintiff explained to him that she have been upset about re-occurring incidents of verbal abuse and ridicule from Ms. Foley. Although he seemed concerned, Dr. Singh took no action to stop Ms. Foley from continuing to maintain a hostile work environment.  The abuse continued.

28.     On or about March 2, 2004, plaintiff complained to Dr. Steven Martin (Residence

5

Program Director), who seemed surprised about the problems Ms. Foley provokes within the office.  He promised he would investigate plaintiff's accusations.  However, Dr. Martin took no action to stop Ms. Foley's behavior toward her.  In fact, plaintiff was fired on March 2, 2004 , the very day she complained to Dr. Martin.  At no time prior to March 2, 2004, did Dr. Martin or anyone else accuse plaintiff of falsifying her time records.

## **COUNT I**

29.     The plaintiff reasserts and realleges the allegations contained in paragraphs "1" through "28" above as if fully set forth herein.

30.     By the acts and practices described above, defendants discriminated against plaintiff in the terms and conditions of employment on the basis of her race, color and national origin in violation of Title VII.

31.     Defendants acted with malice and reckless indifference to plaintiff's rights under Title VII.

32.     Plaintiff is now suffering and will continue to suffer monetary damages and irreparable injury, including mental distress, and other compensatory damages and humiliation, as a result of defendants discriminatory conduct, unless and until the Court grants relief.

## **COUNT II**

33.     The plaintiff reasserts and realleges the allegations contained in paragraphs "1" through "32" above as if they had been fully set forth herein.

34.     By their actions, the defendants have violated the New York Executive Law, §290

et seq., commonly known as the New York Human Rights Law, by discriminating against the plaintiff on the basis of her race, color and national origin.

35.     Defendants acted with malice and reckless indifference to plaintiff's rights under New York State Human Rights law.

36.     As a result of defendants' discrimination against her, plaintiff has suffered damage, including without limitation, deprivation of income and benefits, wrongful termination, as well as emotional pain, suffering, inconvenience, mental anguish, humiliation, and damage to her reputation and career.

## <u>COUNT III</u>

37.     The plaintiff reasserts and realleges the allegations contained in paragraphs "1" through "36" above as if they had been fully set forth herein.

38.     By their actions, the defendants have violated the New York City Administrative Code, §8101 *et seq*., commonly known as the New York City Human Rights Law, by discriminating against the plaintiff on the basis of her race, color and national origin.

39.     Defendants acted with malice and reckless indifference to plaintiff's rights under the New York City Administrative Code.

40.     As a result of defendants' discrimination against her, the plaintiff has suffered damage, including without limitation, deprivation of income and benefits, wrongful termination, as wall as emotional pain, suffering, inconvenience, mental anguish, humiliation, and damage to her reputation and career.

## COUNT IV

41.     The plaintiff reasserts and realleges the allegations contained in paragraphs "1" through "40" above as if they had been fully set forth herein.

42.     By the acts and practices described above, defendants retaliated against plaintiff for her opposition to the unlawful conduct of defendants in violation of Title VII.

43.     Defendants acted with malice and reckless indifference to plaintiff's rights under Title VII.

44.     Plaintiff is now suffering and will continue to suffer monetary damages and irreparable injury, including mental distress, and other compensatory discriminatory conduct, unless and until the Court grants relief.

## COUNT V

45.     The plaintiff reasserts and realleges the allegations contained in paragraphs "1" through "44" above as if they had been fully set forth herein.

46.     By the acts and practices described above, defendants retaliated against plaintiff for her opposition to the unlawful conduct of defendants in violation of the New York Human Rights Law.

47.     Defendants acted with malice and reckless indifference to plaintiff's rights under the New York Human Rights Law.

48.     Plaintiff is now suffering and will continue to suffer monetary damages and irreparable injury, including mental distress, and other compensatory discriminatory conduct, unless and until the Court grants relief.


## COUNT VI

49.     The plaintiff reasserts and realleges the allegations contained in paragraphs "1" through "48" above as if they had been fully set forth herein.


50.     By the acts and practices described above, defendants retaliated against plaintiff for her opposition to the unlawful conduct of defendants in violation of the New York City Administrative Code.


51.     Defendants acted with malice and reckless indifference to plaintiff's rights under the New York City Administrative Code.


52.     Plaintiff is now suffering and will continue to suffer monetary damages and irreparable injury, including mental distress, and other compensatory discriminatory conduct, unless and until the Court grants relief.


## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;


       (a)     declaring the acts and practices complained of to be in violation of Title VII;

       (b)     declaring the acts and practices complained of to be in violation of New York's Human Rights Law;

9

(c)     declaring the acts and practices complained of to be in violation of New York City's Administrative Code;

(d)     directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

(e)     directing defendants to reinstate plaintiff to the position she would have occupied but for defendants' unlawful conduct and making her whole for all earnings she would have received but for defendants' unlawful conduct, including, but not limited to, wages, pensions, bonuses, and other lost benefits;

(f)     directing defendants to pay an additional amount to compensate plaintiff for the emotional distress defendants' unlawful conduct has caused plaintiff in an amount to be determined at trial;

(g)     directing defendants to pay plaintiff additional amounts as punitive damages in an amount to be determined at trial;

(h)     directing defendants to pay plaintiff compensatory damages in an amount to be determined at trial;

(i)     awarding plaintiff reasonable attorneys' fees and costs; and

(j)     granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in this action.

Dated:      Garden City, New York
            May 6, 2005

Yours, etc.


_____
VINCENT R. FONTANA (VF6292)
Attorney for Plaintiff
133 Stewart Avenue
Garden City, New York  11530
(516) 837-7351

## <u>INDIVIDUAL VERIFICATION</u>

STATE OF NEW YORK      )
                            ) ss.:
COUNTY OF NASSAU      )


       **KAREN M. ACEVEDO**, being duly sworn, deposes and says:

       I am the Plaintiff in the within action.  I have read the foregoing Summons and Complaint and know the contents thereof.  The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.


                                             _____
                                           **KAREN M. ACEVEDO**


Sworn to before me this
_____ day of May, 2005


_____
Notary Public


I:\WP\ATTY\vrf\VRF-AttyFile\Pleadings\Acevedo Lit\cmplt verif.doc